# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20319
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FREDY CHINO-BERNAL, also known as Jose Villa Quiroz, also known as Jose Villa-Quiroz, also known as Fredy Chino-Bernah, also known as Fredy Chino Bernal, also known as Carlos Viegas, also known as Carlos Viega,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-153-1

Before STEWART, Chief Judge, and OWEN and COSTA, Circuit Judges.
PER CURIAM:[*]

Fredy Chino-Bernal appeals the 70-month sentence imposed following his guilty plea conviction for illegal reentry. He challenges, for the first time on appeal, the procedural and substantive reasonableness of his sentence.

We review his claims of error for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009); *United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-20319

*Peltier*, 505 F.3d 389, 390-92 (5th Cir. 2007).  We need not decide whether the district court plainly erred by failing to adequately explain its finding that a PSR was unnecessary and whether this error affected Chino-Bernal's substantial rights because we decline to exercise our discretion to correct any error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  The district court addressed Chino-Bernal's arguments for a lower sentence and indicated that it selected the sentence based on the length and escalating seriousness of Chino-Bernal's criminal history.  Therefore, the district court committed no error, plain or otherwise, in explaining the sentence.  *See Rita v. United States*, 551 U.S. 338, 356-57 (2007).  Disagreement with the district court's balancing of these factors, especially in light of the deference given to the district court, fails to show any error, plain or otherwise.  *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.